[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12643
Non-Argument Calendar
_____

Agency No. 16-0641

MARTIN MECHANICAL CONTRACTORS, INC.,

Petitioner,

versus

SECRETARY, U.S. DEPARTMENT OF LABOR,

Respondent.

_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission
_____

(March 27, 2018)

Before MARTIN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Martin Mechanical Contractors Inc. appeals a final order of the Occupational Safety and Health Review Commission finding that Martin committed a "willful" violation of 29 C.F.R. § 1926.501(b)(4)(i) by failing to protect its employees from falls. The underlying citation arose from an accident in which one of Martin's employees fell through a skylight on the roof of a warehouse where he was working and later died of his injuries. While conceding it violated the applicable regulation, Martin contests the Commission's designation of the violation as willful. Finding no grounds for reversal, we affirm the Commission's order.

## I

Martin is a Georgia construction company that performs electrical and plumbing work and installs mechanical equipment. In November 2015, Martin assigned a three-man crew consisting of foreman James Dockery, his son Wayne Dockery, and O'Neal Gearing to install a heating, ventilation and air conditioning (HVAC) system atop the metal roof of a warehouse at a car dealership in Athens, Georgia. The installation occurred adjacent to and within four feet of several skylights in the roof, each of which was about ten feet long, fifteen feet off the ground, and covered only with thin plastic sheeting. The skylights were left unguarded, and the employees did not wear fall arrest systems—even though foreman Dockery had the equipment onsite in his truck.

2

On November 30, 2015, foreman Dockery's crew began using an electric-powered saw to cut an area in the roof near one of the skylights. Foreman Dockery warned Wayne and O'Neal to be careful of the skylights and then left the roof. Soon thereafter, O'Neal caught the saw in the metal roofing material, lost his balance, and fell through a skylight to the warehouse's concrete floor fifteen feet below. He was hospitalized and later died as a result of his injuries.

The Occupational Safety and Health Administration (OSHA) inspected the site following the accident and cited Martin for a willful violation of 29 C.F.R. § 1926.501(b)(4)(i) for failing to protect its employees from falls, and proposed a penalty of $49,000. An Administrative Law Judge affirmed the citation, determining that foreman Dockery's actions demonstrated reckless disregard for the safety of his crew and that such reckless disregard was sufficient to support a finding of a willful violation. The ALJ also rejected Martin's argument that foreman Dockery's lack of familiarity with the regulation's requirements precluded a finding of willfulness. Martin filed a petition for discretionary review with the Commission, but the decision was not reviewed, and therefore became final by operation of law on April 17, 2017. Martin then appealed to this Court.[1]

---

[1] Martin does not deny that it violated 29 C.F.R. § 1926.501(b)(4)(i)'s fall-protection standard. Rather, Martin contests only the designation of the violation as "willful" and the $49,000 fine ultimately levied against it.

3

## II

We review the Commission's decisions using a "highly deferential standard." *Fluor Daniel v. OSHRC*, 295 F.3d 1232, 1236 (11th Cir. 2002). We uphold the Commission's conclusions of law as long as they are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Quinlan, d.b.a. Quinlan Enters. v. Secretary, U.S. Dep't of Labor*, 812 F.3d 832, 837 (11th Cir. 2016). We uphold the Commission's findings of fact if they are supported by substantial record evidence. *Quinlan*, 812 F.3d at 837. We consider the "substantial evidence" threshold met if a reasonable person would consider the evidence adequate to support the Commission's ultimate conclusion. *Id.* The Commission's finding of willfulness is a finding of fact, while the Commission's definition and application of the term is an issue of law. *Fluor Daniel*, 295 F.3d at 1236.

## A

The Commission's definition of willfulness is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[T]he definition of willful in this circuit is, in its simplest form, an intentional disregard of, or plain indifference to, OSHA requirements." *Fluor*

4

*Daniel*, 295 F.3d at 1239 (internal quotation and citation omitted).  To establish a

willful violation, OSHA must establish either:

> (1) [that the] employer knew of an applicable standard or provision
> prohibiting the conduct or condition and consciously disregarded the
> standard or (2) that, if the employer did not know of an applicable
> standard or provision's requirements, it exhibited such reckless
> disregard for employee safety or the requirements of the law generally
> that one can infer that…the employer would not have cared that the
> conduct or conditions violated [the standard].

*Id*. at 1240 (internal citation and quotation omitted).  In its order, the ALJ stated

that "[a] violation is 'willful' if it was committed with intentional, knowing, or

voluntary disregard for the requirements of the Act or with plain indifference to

employee safety."  Because the ALJ's definition of "willful" aligns with our own,

we uphold it here.

## B

Substantial evidence supports the Commission's classification of the

violation here as willful, despite Martin's contention that foreman Dockery was

ignorant of the regulation's requirements.  Record evidence shows that foreman

Dockery was well aware of the risks posed by working on the warehouse roof but

deliberately chose to ignore them.  Foreman Dockery knew that he and his crew

would be working on the roof *and* that the skylights on the roof were dangerous,

and even warned his crew members multiple times to stay away from the skylights.

5

Notwithstanding his knowledge of the fall hazard posed by the skylights, foreman Dockery did nothing to prevent an accidental fall beyond these cursory warnings. He did not instruct anyone to wear fall protection, nor did he provide fall protection equipment to his crew—even though he had the equipment on-site in his truck.

## C

Substantial evidence supports the ALJ's conclusion that, had foreman Dockery been informed of the fall-protection standard, he would have disregarded the standard's requirements.  First, foreman Dockery stated that he believed the crew would be safe so long as they did not go within six feet of "the edge of an opening," but nonetheless failed to require his crew to wear any fall-protection equipment even though he knew they would be working within five feet of the skylights.  Second, foreman Dockery stated that he chose not to provide the equipment for his crew because the roof was flat and it was his practice to not use the equipment on flat roofs, a decision that he admits demonstrated "poor judgment."  Thus, the record contains adequate evidence to support the ALJ's determination that even if foreman Dockery "did not know of [the] applicable standard or provision's requirements, [he] exhibited such reckless disregard for employee safety or the requirements of the law generally that one can infer that…[he] would not have cared that the conduct or conditions violated [the

6

standard]." *Fluor Daniel*, 295 F.3d at 1240 (internal quotation and citation omitted).

To be clear, and in response to Martin's contention, a finding of willfulness is not negated by foreman Dockery's lack of familiarity with the fall-protection standards required under the regulation. First, as just explained, the willfulness standard applied in this Circuit allows for a finding of willfulness even if the employer was unaware of a regulation's requirements so long as the employer's actions demonstrate reckless disregard for employee safety. *See id.* In addition, as the ALJ correctly notes, foreman Dockery's unfamiliarity serves, if anything, only to underscore the inadequacy of Martin's training program. To hold that such inadequacy—and the resulting unfamiliarity—precludes classification of a violation as willful would perversely allow Martin to use its ineffective training as a defense against OSHA's most serious charge. *Cf. Georgia Elec. Co. v. Marshall*, 595 F.2d 309, 320 (5th Cir. 1979) (company that failed to acquaint its supervisory personnel with OSHA requirements could not use supervisors' ignorance as defense against classification of violation as willful).[2]

---

[2] Decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

### III

In light of foreman Dockery's awareness of the risks posed by the skylights and his deliberate decision to not use fall-protection equipment, we hold that substantial evidence existed to support the ALJ's determination that foreman Dockery exhibited such reckless disregard for the safety of his crew members that it was reasonable to infer he would not have cared that his conduct violated the fall-protection standards of 29 C.F.R. § 1926.501(b)(4)(i).  The Commission's classification of the violation as willful, therefore, is upheld.

Having found no grounds for reversal, we affirm the Commission's classification of Martin's violation of 29 C.F.R. § 1926.501(b)(4)(i)'s fall-protection standard as willful, and consequently affirm the resulting $49,000 fine.

8